UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE GARNER, SR.**　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　**NO. 22-1051-SDD-SDJ**

**JEFFREY COLE, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 11, 2023.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE GARNER, SR.**                                              **CIVIL ACTION**

**VERSUS**                                                                **No. 22-1051-SDD-SDJ**

**JEFFREY COLE, ET AL.**

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiff on January 20, 2023. (R. Doc. 6). The deadline to file opposition has expired with no filing from Removing Defendants; thus, the motion is unopposed.

**I.    Background**

This litigation arises from a motor vehicle accident that occurred on December 12, 2021. Plaintiff initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, on November 10, 2022. Plaintiff alleges that he was in his parked Chevy Silverado at a gas pump when Defendant, in a Ford F-250 owned by Jenifer George, reversed into Plaintiff's vehicle, causing acute neck and back injuries along with other injuries. (R. Doc. 1-3 at 4-5). Plaintiff seeks damages for physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; lost wages; and any and all other damages available to him. (R. Doc. 1-3 at ¶8).

Defendants removed to this Court on December 22, 2022 (R. Doc. 1), and Plaintiff filed this Motion to Remand (R. Doc. 6) on January 20, 2023. Defendants did not file an opposition, but they did make arguments in opposition in the Joint Status Report filed on April 5, 2023 (R. Doc. 7).

**II.     Arguments of the Parties**

Plaintiff does not argue that there is a lack of diversity or that the removal is untimely, but only that Defendants have not bet their burden to prove that Plaintiff's claims meet the minimum amount in controversy. Plaintiff outlines his medical treatments related to the car accident and asserts accumulated medical specials of $20,656.05 as of October 12, 2022, when Plaintiff had his last relevant medical treatment. (R. Doc. 6-1 at 4). Plaintiff addresses Defendants' position regarding Plaintiff's pre-suit demand for policy limits, arguing that (1) the demand should not be used as evidence of the amount in controversy as State Farm had not disclosed the limits of the policy prior to the demand, and (2) as medical costs at the time of the demand had only reached $14,000, a pre-suit demand for policy limits[1] did not represent Plaintiff's true valuation of his claims but rather was an attempt to ascertain policy details that had not yet been provided. (R. Doc. 6-1 at 5).

Defendants entered no formal opposition to Plaintiff's Motion to Remand. They included an opposition of sorts in their Status Report on April 5, seventy-five days after the Motion was filed. (R. Doc. 7 at 1-2). The Court will not consider any new arguments in this sumission. Elsewhere in the same Status Report, Defendants "defer to the arguments raised in the Motion for Removal [sic]." (R. Doc. 7 at 6). In the Notice of Removal, Defendants argue that Plaintiff's pre-suit demand should be considered as evidence that the amount in controversy exceeds the jurisdictional minimum, citing cases indicating that pre-removal settlement demands are valuable evidence in such a determination. (R. Doc. 1 at 4). The Notice of Removal posits medical specials

---

[1] Ostensibly $250,000 per person and $500,000 per accident (unknown to Plaintiff at the time), but this coverage is in question. (See below at p. 6).

totaling $14,060.14 at the time of removal and notes that Plaintiff had not stipulated that total damages are less than the jurisdictional minimum. (R. Doc. 1 at 5).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

If removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support that the amount exceeds $75,000, exclusive of interest and costs. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

It is undisputed that Plaintiff is a citizen of Louisiana and Defendants are citizens of Texas and Illinois. There is also no dispute that removal is timely. The sole issue before the Court is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B. Discussion

As an initial matter, it is not facially apparent in the Petition that Plaintiff's claims exceed $75,000, exclusive of interests and costs. The Petition does not state policy limits or the value of any of the claimed damages. The general categories of damages claimed by Plaintiff are not sufficient to establish amount in controversy. *Davis v. JK & T Wings, Inc.*, No. 11–501–BAJ–DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citations omitted).

Because the amount in controversy is unclear from the Petition, the Court will consider whether Defendant has presented any summary judgment type evidence to support a finding that the jurisdictional minimum has been met. Included with their Notice of Removal, Defendants present Plaintiff's treatment records, Plaintiff's pre-suit settlement demand, and proof of insurance coverage for Defendant Cole's vehicle. (Exhibits to R. Doc. 1).

Defendants point to nothing in Plaintiff's medical records that indicates that Plaintiff's medical costs exceed $75,000. Indeed, the diagnoses cited in the Notice of Removal point to certain spinal conditions, but the related imaging and chiropractic costs total below $15,000, with no cited recommendations for further treatment.[2] (R. Doc. 1 at 5). Thus, Defendants' asserted amount in controversy necessarily relies on Plaintiff's demand for policy limits.

---

[2] Throughout the attached treatment notes, the same recommendations are repeated: imaging and specialist consults *if the condition does not improve*, but no specific treatment is recommended. (R. Doc. 1-9). The Notice of Removal does state that Defendants believe Plaintiff may still have been receiving chiropractic care at the time of removal. (R. Doc. 1 at 5). While this does not contribute to the amount in controversy *at the time of removal*, the Court does know from Plaintiff's Motion to Remand that there was some ongoing treatment beyond the time of removal. This ongoing treatment, however, only added about $6,000, bringing medical specials to $20,656.20.

The demand for policy limits sent on September 27, 2022—before this suit was filed in State Court—gives a brief summary of Plaintiff's accident-related medical care, totals medical specials of $14,060.14, and states that Plaintiff's attorney is authorized to offer to resolve the claim "for liability policy limits". (R. Doc. 1-5). A specific dollar value on policy limits is not stated in the demand, and Defendants have provided no evidence that Plaintiff was aware of the value of the policy limits at the time of the demand.

Notably, the confirmation of insurance coverage and policy limits provided by Defendant State Farm does not cover the vehicle indicated in the Petition; instead, it confirms that a policy issued to Jenifer L George and covering a 2015 Chevrolet Camaro was in effect on the date of the accident at issue in the Petition. (R. Doc. 1-4). The only mention of the coverage amount in the Notice of Removal makes direct reference to this Camaro policy (R. Doc. 1 at ¶6), so Defendant has not provided any evidence of the value of the policy limits or indeed any insurance coverage for the 2006 Ford F-250 referenced in the Petition.[3]

Assuming *arguendo* that Defendants' assertion of policy limits is also applicable to the vehicle in question, Plaintiff's demand for policy limits is not dispositive of the amount in controversy. "While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, 'it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.'" *Thomas v. Harco Nat'l Ins. Co.*, 2021 WL 1615579, at *4 (M.D. La. Jan. 20, 2021) (quoting *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010)). Based on the foregoing facts,

---

[3] Defendants have made no assertion that a different vehicle was involved in the incident. In case there was any doubt, the medical records submitted by Defendants as exhibits to the Notice of Removal also reference two large pickup trucks being involved in the incident. (R. Doc. 1-6 at 1).

the Court finds that policy limits of $250,000 or more are not an honest assessment of the value of Plaintiff's claims.

Finally, Defendants' Notice of Removal notes that Plaintiff's Petition does not include a stipulation limiting damages to $75,000 or less. (R. Doc. 1 at ¶10). Defendant cites cases that imply a Plaintiff must stipulate to such a limit, as Louisiana allows courts to grant Plaintiffs more than was requested in the Petition; however, those cases, state that *if* a defendant proves that the amount in controversy exceeds the jurisdictional minimum, a Plaintiff can *defeat* federal jurisdiction by stipulating that they will not accept an award in excess of that minimum. *See, e.g., Davis v. State Farm Fire & Cas.*, No. CIV. A. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (cited by Defendant in favor of their position on stipulation, but directly stating that a defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum). Here, Plaintiff need not defeat federal jurisdiction because Defendants have not first met the burden to prove it.

## IV.     Conclusion

Based on the arguments above, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED** and the matter **REMANDED** to the 19th Judicial District Court for further proceedings.

Signed in Baton Rouge, Louisiana, on September 11, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**